BRUCE S. PORTNER
KIMBERLY L. PORTNER
2122 Centro East
Tiburon, California 94920
Tel: 415-519-3503
Email: lportner@aol.com

PLAINTIFFS IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE S. PORTNER<br>KIMBERLY L. PORTNER<br><br>　　　　　　　　Plaintiff(s),<br><br>　vs.<br><br>SPECIALIZED LOAN SERVICING, LLC, NBS DEFAULT SERVICE LLC, US BANK NA<br><br>And Does 1-100<br>　　　　　　　　Defendant(s) | Case No.: 3:15-cv-01736-VC<br><br>Hon. Vince Chhabria<br><br>**REPLY BRIEF TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE**<br><br>**HEARING:**<br><br>Date:　　　June 18, 2015<br>Time:　　　10:00 a.m.<br>Courtroom:　4 – 17th Floor |

**TO DEFENDANTS, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED STATES DISTRICT JUDGE VINCE CHHABRIA:**

　　The Plaintiffs hereby files this Reply Brief to Defendants Opposition to Motion to Strike.

**I: INTRODUCTION**

　　In the Case Management Conference on May 5, 2015, this Court recommended to the Plaintiffs that they should refer to the Federal Pro See Handbook and avail themselves if need be of the services of the Pro Se Help Desk.  The Plaintiffs followed the Court's recommendation and have done both.  This Court also ordered the Plaintiffs to read the Standing Orders of this Court and provide the Defendants copies of these orders, of which the Plaintiffs immediately did.

**II. SUMMARY OF ARGUMENTS**

　　The Defendants seem to complain that the activity of this case as being a "fleury" and "almost frenetically" litigated with a veiled attempt to blame the Plaintiffs.  The Defendants fail to point out

**REPLY BRIEF TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE**

that since the day the Temporary Restraing Order was issued in State court on April 1, 2015 the Plaintiffs have on many occasions offered to immediately begin settlement discussions, agreed to participate in ADR and even offered a stipulated litigation hold so as to try and reach a mutually acceptable agreement between the parties to cease this litigation. The Plaintiffs requests fell on deaf ears.

The Defendants claim "their can be no doubt but that Defendants have and will continue to vigorously defend this case." However, the Defendants seem to only want to do this on their rules.

The Defendants elected to remove this case to Federal Court. The Defendants Motion to Dismiss is a standard operating procedure that the Defendants employ in hundreds, if not thousands of cases in Federal courts across the Country and is usually done within the first two weeks of the removal of the case by the Defendants in a hope to knock out the Plaintiff in short order. There was no special exception on the part of the Defendants in this instant case. The Motion to Dismiss was a conscious choice of the Defendants thus necessitated the required Oppositions and Replys.

The Defendants seem to position their appearance at the Case Management Conference as their voluntary participation. As the Court is aware, this Case Management Conference was ordered. It was not an elective.

The Plaintiffs filing of a renewed Motion for Preliminary Injunction was done so because of the deceptive practice that the Defendants were trying to undertake. When the initial case was assigned to Magistrate Judge Ryu in the Oakland Division, Plaintiffs became aware on April 29, 2015 that the Defendants were going to hold a Trustee Sale of Plaintiffs property on May 7, 2015 using the argument that the TRO had now expired and they were free to do so. Plaintiffs met with the Federal Pro Se Help Desk at the Oakland court to ask what to do to stop this as Plaintiffs believed there was still a TRO in place. The attorney at the Pro Se Help Desk strongly recommended that the Plaintiffs file a renewed Motion for Preliminary Injunction to let Magistrate Judge Ryu be aware of the urgency of the situation. On April 29, 2015 this Motion was filed. On April 29, 2015 the case was reassigned to this Court and on April 30, 2015 this Court issued an Initial Case Management Scheduling Order.

**REPLY BRIEF TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE**

1    The Defendants next claim that the Plaintiffs Motion to Strike is not an authorized response to a
2 Motion to Dismiss.  The Defendants fail to point out that the Plaintiffs filed an Opposition Response
3 to the Motion to Dismiss as well as a Supplemental Brief in support of the Opposition Response.
4    The Motion to Strike the Defendants Motion to Dismiss is based on the failure of the Defendants
5 to follow both Federal and Local Civil Rules of Procedure is not out of bounds.  The Plaintiffs
6 _requested_ the Court to hear the Motion to Strike on the same day as the Motion for Preliminary
7 Injunction and Motion to Dismiss for the sake of judicial economy.  However if the Court is so
8 inclined, it can order the Motion to Strike be heard on a future date.
9    The Plaintiffs have already filed a Motion for Entry of Default as to Defendant US Bank NA
10 see Dkt #44.  Plaintiffs were unsure if an Entry of Default as to Defendants SLS and NBS was
11 appropriate so Plaintiffs have not done so, but certainly will if allowable.

**III: CONCLUSION**

   The Plaintiffs are confident to state that the FRCP and Local Rules of Civil Procedure were crafted and adopted for specific reasons.  As well, the word "**must**" in these rules is assumed to have been well thought out prior to adopting it in the rules.  Perhaps the Defendants can assist the Plaintiffs in providing them a different set of Federal and Local Rules to follow which better suits their needs and make their lives less frenetic.

Date: June 11, 2015            Respectfully Submitted:


                               _____/s/_____
                               Bruce Portner
                               Pro Se

                               _____/s/_____
                               Kimberly Portner
                               Pro Se


**REPLY BRIEF TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE**